UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEX ODIETE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>UR MENDOZA JADDOU, et al.,<br><br>　　　　　Defendants. | Case No. CV 24-6675 FMO (SKx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　Plaintiff Adex Odiete ("plaintiff") filed this action on August 7, 2024. (See Dkt. 1, Petition for Writ of Mandamus and Declaratory Judgment). Upon assignment to this court, plaintiff was referred to the Court's Initial Standing Order, (see Dkt. 7), which ordered plaintiff to "promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and 5 and file the proofs of service pursuant to Local Rule 5-3." (See Court's Initial Standing Order at 1) (available on the court's website). The court admonished plaintiff that "[a]ny defendant not timely served under Fed. R. Civ. P. 4(m) shall be dismissed from the action without prejudice." (Id.). Accordingly, plaintiff was required to file a proof of service demonstrating service of the complaint no later than November 5, 2024. See Fed. R. Civ. P. 4(m). On October 28, 2024, plaintiff was ordered to show cause, on or before November 4, 2024, why this action should not be dismissed for plaintiff's failure to diligently prosecute the action and complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Dkt. 8, Court's Order of October 28,

2024).  Plaintiff was admonished that "[f]ailure to file a timely response to th[e] Order to Show Cause shall result in the action or the above defendant(s) being dismissed for lack of prosecution and for failure to comply with the orders of the court."  (Id.) (citing Local Rule 41; Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).  As of the date of this Order, plaintiff has not responded to the Order to Show Cause nor filed any proofs of service.  (See, generally, Dkt.).

      Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986).  These factors include:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply.").  "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion."  Ferdik, 963 F.2d at 1261.

      Pursuant to Rules 4(m) and 41(b), and in light of the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to effect service within the specified time and comply with the Court's Order of October 28, 2024.  (See Dkt. 8).  Plaintiff's failure to timely

file a proper and legally sufficient proof of service hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action. In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Further, plaintiff was warned that failure to file a timely response to the court's order to show cause would result in a dismissal of the action for lack of prosecution and failure to comply with a court order. (See Dkt. 8, Court's Order of October 28, 2024); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted). Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to timely effect service, failure to comply with a court order, and failure to prosecute.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to timely effect service, failure to prosecute, and failure to comply with the orders of the court.

Dated this 8th day of November, 2024.

/s/
Fernando M. Olguin
United States District Judge